MILK INDUSTRY FOUNDATION,
Plaintiff,

v.

Daniel R. GLICKMAN, Secretary,
United States Department of
Agriculture, Defendant,

and

Northeast Dairy Compact Commission,
Defendant-Intervenor.

Civil Action No. 96–2027 (PLF).

United States District Court,
District of Columbia.

Feb. 3, 1997.

Steven J. Rosenbaum, Covington & Burling, Washington, DC, for Plaintiff.

Marcia Sowles, U.S. Dept. of Justice, Civil Division, Federal Programs Branch, Washington, DC, for Defendant.

Clifford M. Sloan, Wiley Rein & Fielding, Washington, DC, for Defendant–Intervenor.

## ORDER

PAUL L. FRIEDMAN, District Judge.

This matter is before the Court on defendant's motion for a stay of proceedings in this case to allow the Secretary of Agriculture 45 days to provide what defendant characterizes as "an Amplified Decision on its finding that there is compelling public interest in the compact region for the Northeast Interstate Dairy Compact." Plaintiff opposes the motion for a variety of reasons, while defendant-intervenor supports it.

The parties to this case are all aware that Congress placed a particular condition on its consent to the Compact—that the Secretary make a *finding* of compelling public interest. As the Court tried to make plain in its December 11, 1996 Opinion, it could not even tell whether anyone at the Department of Agriculture had read all the comments in the administrative record or just counted them, since the only expressed reason the Secretary gave for his finding of compelling public interest (other than congressional consent and state approval) was that 95 percent of

the comments the Department received supported implementation of the Compact. Opinion at 8, 24–25. But "a simple head count will not do," *id.* at 24, particularly in view of the numerous concerns the Secretary himself expressed about the potential adverse effects the Compact might have, concerns presumably based on material in the record. *Id.* at 9–10, 25. "Those concerns, expressed in four paragraphs, overshadow the four reasons, expressed in two sentences, that the Secretary gave for finding a compelling public interest." *Id.* at 25.

If the Secretary wants time now "to amplify" his decision, he must make sure that the entire administrative record, including the comments submitted, is thoroughly reviewed and analyzed and approached from a fresh perspective. It is not open to the Secretary under this Court's Opinion of December 11, 1996, to approach his task with a pre-conceived view that a compelling public interest exists. His job is not merely to cull out from the favorable comments reasons to support a pre-determined decision. His responsibility is to review the *quality* of the comments in the record and to decide whether his earlier finding is justified at all.

The Court is prepared to grant the stay requested by the defendant, so long as the Secretary of Agriculture and his counsel understand what is required over the course of the next 45 days. The Court agrees with plaintiff that if a stay is granted the Secretary's responsibility is much broader than he and defendant-intervenor suggest. The Secretary must now be as open to reaching a finding of no public interest as he is to concluding that there is one. Regardless of which conclusion he reaches, he must articulate his reasons in accordance with the Administrative Procedure Act and the case law. With the foregoing in mind, it is hereby

ORDERED that all proceedings in this case are stayed until March 20, 1997, during which time the Secretary of Agriculture shall review the Administrative Record in this case, reach a conclusion with respect to the existence of a compelling public interest, and provide a reasoned explanation for that decision in accordance with this Court's Opinion of December 11, 1996, and today's Order; it is

FURTHER ORDERED that the stay does not preclude plaintiff from renewing its motion for a preliminary injunction should the Compact attempt to move forward and impose higher milk prices or for any other appropriate reason; it is

FURTHER ORDERED that the briefing and argument schedule set forth in this Court's Order of December 11, 1996, is rescinded; and it is

FURTHER ORDERED that the parties shall jointly propose within ten days from the date of this Order a revised briefing and argument schedule.

SO ORDERED.